HILTON et al. v. WHITE.

(Supreme Court, Appellate Division, First Department. December 10, 1915.)

BANKRUPTCY ⬤◁▷425—DISCHARGE—DEBT NOT SCHEDULED.

A judgment against defendant for wages not scheduled in defendant's bankruptcy proceeding as provided by the Bankruptcy Act, was not discharged unless the creditor had actual notice of such proceeding, and in the absence of evidence to show notice it could not be presumed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 775; Dec. Dig. ⬤◁▷425.]

Smith, J., dissenting.

Appeal from Special Term, New York County.

Action by Frank P. Hilton and others against John A. S. White. From an order granting a motion to modify an order directing issu-

ance of execution against defendant's wages upon a judgment recovered against him by plaintiffs, plaintiffs appeal. Order reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Bernard I. Finkelstein, of New York City, for appellants.
Sidney A. Clarkson, of Brooklyn, for respondent.

PER CURIAM. This judgment was not scheduled in the bankruptcy proceedings, as provided for by the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544). The judgment, therefore, is not discharged unless the creditor had actual notice of the bankruptcy proceedings. There was no evidence to show that such notice was given to the creditor, or that he had such notice, and that fact cannot be presumed.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

SMITH, J., dissents.